Samsung Electronics Co., Ltd. Samsung Electronics Co., Ltd. Samsung Electronics Co., Ltd.  Thank you, Your Honor. Good morning. May it please the Court, Michael Shanahan for Image Processing Technologies. This appeal presents two primary issues. The first is whether the proper claim construction was applied to the claim term histogram in arriving at its decision, the Board's final written decision. And did it rely on substantial evidence and provide a sufficiently articulated reasoning for the basis of the final written decision? If you find no for one of those questions, the question of remedy arises. We believe in this case that reversal rather than remand is appropriate due to lack of evidentiary basis for proof of the case below. There is only one claim on appeal here, and that's Claim 39 of U.S. Patent 6717518, which was found unpatentable over the combination of two There's really just one issue in this case. The issue is whether or not Figure 5 discloses a histogram. So why don't you just go right to that? We know how many patents there are, how many claims there are. So just go right to whether Figure 5 discloses a histogram with the understanding that we have to review this fact finding by the Board for substantial evidence. Thank you, Your Honor. Would it make sense for me to go through what the claim on reconstruction is and then apply it to Figure 5? We all know what it is. It was agreed upon by the parties and it was adopted by the Board. It was agreed upon by the parties. Certainly that's correct, Your Honor. I would just point out that the one term was agreed upon by the parties. When I put the term in the framework of Element 39E, you can see that in our opening brief at page 42, which is just a little more complicated. And I want to make it clear that there is a little more verbiage there that's in just the word histogram. And I can read that if you'd like. Okay, so that says when we put the construction of histogram into Claim 39E, we get forming at least one statistical representation of the frequency of occurrence of the selected pixels. Are you suggesting the word histogram is not to be given a sort of ordinary meaning that a skilled artisan would understand it to have? I'm saying it has the meaning that the Board attributed to it in its claim construction. Is that some sort of special meaning that is somehow different from the ordinarily skilled artisan's understanding of the word? We believe no. Okay, so if the answer is no, which I think is right, then you have Figure 5, which is in a peer-reviewed IEEE publication, which is sort of the standard in the industry, that labels itself a histogram. Why isn't that on its face substantial evidence that Figure 5 would be totally understood by a skilled artisan to be a histogram? Remember, substantial evidence. This isn't what I think. This is whether the Board had evidence to make the conclusion it made. Right, so we can tell what Figure 5 is. It's just an intensity plot of a single line across the pupil of the eye. It's just one line, and it represents a linear sequence. It does not count the frequency of occurrence of anything. It is the intensity of a singular pixel at a particular point on that graphical representation. And Dr. Hart, the expert here, testifies that that intensity is a counting of photons. A counting of photons is not counting the frequency occurrence of pixels as required by 39E. So is your argument that the figure is mislabeled, it's not a histogram as a skilled artisan would understand it, or that the skilled artisan's understanding of a histogram is not what this claim covers? Yes, it's confusing, and I think I can help you with that. I think it's an imprecise use of the word by the author. It's just a sloppy application. It looks kind of like what a histogram would be, so they call it a histogram, but it does not meet the definition of histogram required by this case. Well, on page two or three of the appendix, which is your preliminary response to this case, didn't you likewise refer to Figure 5 as a histogram? Yes, Your Honor, but our preliminary response— But you changed your mind after that? Well, it's an optional response, Your Honor. It's optional, so I don't have to hold you to anything you say in it? I believe that's correct, Your Honor. So when you said that it was a histogram, I shouldn't use that in any way as additional evidence that supports the Patent Office's determination that it was a histogram? In our preliminary patent owner response, we weren't talking about the claim construction. We did not introduce the concept of what the claim construction— No, you called it a histogram, and that's why I began this conversation by asking you whether or not the board's claim construction was sort of an ordinarily skilled artisan's definition of histogram, or was there some lexicography here that redefined that word by the patent owner in a different way? And you didn't suggest that it was a lexicography, so I'm working on the assumption that this has the ordinary meaning that a skilled artisan would give it. Well, Your Honor, again, in our preliminary patent owner response, we don't talk about claim construction until our patent owner response. If you want to look at— No, you talk about what you think this reference, Erickson, discloses, and you say in Figure 5 it discloses a histogram. Well, I think we say, Your Honor, this issue came up at the PTAP specifically, where opposing counsel said, you admitted this was a histogram, and the judge at that court said, no, they don't make that admission. In fact, they specifically say something different. They're not admitting it. It's the key to this dispute. And I can direct you to that point in our brief if you just give me one moment. Okay. I think our reply brief, pages 16 to 17. Yes, Your Honor. On the bottom of page 16, top of page 17. So this is the exchange that was in the PTAP. And Judge Quinn says, okay, just because they are quoting it doesn't mean they are admitting it is because they vehemently dispute it is. So I don't think we should say that's an admission. And this was with respect to Mr. Wilt claiming that we have admitted it's a histogram. And the judge says, no, they don't admit it. They dispute it. That's our position. And then the next thing is I just want to point out they called it a histogram, and then Judge Quinn said, okay. So maybe you disputed it after the fact, but certainly in the document itself you referred to it as a histogram and you didn't dispute it there. We referred to it as a histogram. I admit, Your Honor, we referred to it as a histogram in the Polari patent. This is substantial evidence. What about Stringa? Yes. Erickson explicitly relies on Stringa for details of how to form a horizontal histogram. Yes. And IPT doesn't dispute that Stringa's histograms meet the construction in this case. Actually, that's not true, Your Honor. We do dispute that it meets the construction of the histogram. Figure 10 is also their gray-level distribution. That opposing counsel substitutes the word histogram is also just a plot of intensity values. That is not a histogram that they attempt to combine. Furthermore, Your Honor, there's a section in our brief, and I can refer you to it. If you try and combine these two technologies, if you try and combine the horizontal intensity counting with some of the histogram technology, you get a completely inoperable system. And we go into detail with some graphical explanation of that in our briefing, and I can go into it if you like, but I don't know if it's instructive. Hmm. Okay. We'll save the rest of your time, and let's hear from the other side. Thank you, Your Honor. Okay. Mr. Pincibetti. Thank you, Your Honor. Good morning, and may it please the Court, Mark Pincibetti, on behalf of the appellees, Samsung Electronics and Samsung Electronics America. As I think the Court has properly framed the issue, the issue is whether or not the Board made the correct fact, whether there's substantial evidence to support the Board's factual determination that what an IEEE peer-reviewed publication explicitly calls a histogram is in fact a histogram under the plain and ordinary meaning of that term. In this case, we think that standard is more than easily met. I was going to say, is the definition a matter of law, not fact? The definition of the term histogram is in fact a question of law, Your Honor, is absolutely correct. But in this case, the Board adopted the definition exactly as IPT proposed it. They don't dispute that construction. And, in fact, IPT concedes in its opening brief, page 42, that that construction is nothing more than the plain and ordinary meaning of the term. IPT also agrees in their opening brief, page 44, that the understanding of that term by Samsung's expert, Dr. Hart, was completely consistent with that construction later adopted by the Board. In fact, IPT did not submit its own expert declaration and, therefore, quotes and relies on Dr. Hart's testimony extensively in its opening brief to describe to this Court the proper meaning of the term. So there's no dispute about claim construction in this case. So IPT says the histogram definition in the claim is basically the ordinary definition a skilled artisan would give it. And we have a publication here from sort of the preeminent publication in the field, IEEE, which is a peer-reviewed publication. It calls something a histogram. And it's a substantial evidence standard review. So whether or not they admitted it in their patent owner response, that would just be sort of icing on the cake. I feel like we have enough with that. Am I missing something? No, Your Honor. I completely agree. And, in fact, here there's much more than substantial evidence because aside from the Erickson authors themselves, again, IEEE peer-reviewed, calling it a histogram, we have Stringer, which is incorporated by reference into Erickson for its, quote, similar approach. And IPT doesn't dispute that Stringer histograms meet the construction. Exactly. I would like to address one point that counsel raised regarding Stringer. They never dispute that what's described on page 28 of the final written decision, the board's description of the histogram in Erickson based on Stringer, they never dispute that that complies with the board's construction. Never disputed. Instead, what they try is some misdirection. They make two arguments in their reply brief. One, they argue that the histograms of Stringer could not be substituted into Erickson. But that's not what Samsung argued. And that's not what the board found. What Samsung argued and what the board found was that Stringer provides evidence of the meaning of the term histogram as used in Erickson. And based on that evidence, the board then described the histogram in Erickson in a way that was completely consistent with the board's construction. The other thing Mr. Shanahan refers to is Figure 10 from Stringer. And he says, well, that's not a histogram. Samsung never argued that Figure 10 of Stringer is a histogram. Rather, what Samsung points to and what the board points to is the preliminary section of Stringer, which describes in detail what a histogram is. And then in Stringer, actually in Figure 9, is what Stringer uses as the histogram in the Stringer model. What Mr. Shanahan points to, Figure 10, is a second derivative of the histogram. It's a tool that's used to analyze the histogram in Figure 9 and in no way contradicts the other evidence in the case. And lastly, in addition to, again, Erickson and Stringer, I think there's Dr. Hart's testimony. And Dr. Hart's testimony is undisputed that he had the proper understanding of the term histogram and, in fact, IPT relied on it extensively in their brief. There's also no dispute that Dr. Hart testified that what's shown in Figure 5 of Erickson meets the plain and ordinary meaning of histogram, and that's in paragraphs 103 and 104 of Dr. Hart's declaration, appendix page 780. In short, the board analyzed all the evidence, applied the construction proposed by IPT and adopted by the board, and provided a detailed explanation of why the Erickson histograms satisfy the construction adopted by the board. And for all these reasons, we ask that the court confirm the board's finding of invalidity. Unless your honors have any other questions, I have nothing further. Thank you. Thank you. Mr. Shanahan. Thank you. So, your honor, I'd like to make it clear for the record that we believe Figure 5 is not a histogram. In the first instance, there is no independent comparison by either the board or Samsung of the claim construction to the explanation of what Erickson does. They don't make any comparison. They don't ever go, oh, here's what the word, here's where the corresponding is. And the reason why they do that is they can't. And in fact, Dr. Hart admitted that this is not a histogram according to the definition required in this case. I will direct you to appendix 583, lines 6 through 11, right? And this says, does the curve generated by plotting the image intensities along the line, and we're talking about Figure 5 now, going through the pupil from left to right shown in Figure 5, count how many pixels that line has as an intensity of 255. And according to 39E, you have to count pixels. And he says no. That's not what it does. So there's no way that this can qualify. Figure 5 is just a bar graph of pixel intensity. It does not count anything. And just because I think that this is telling about what opposing counsel said, Mr. Penzebene, is that Dr. Hart understood what the plain and ordinary meaning is, yet he didn't use it in his testimony. He walks away from it and relies on nomenclature. Let me take you also to 583. I'm going to go to 147.25 to 148.5. Does the fact that you can represent the intensity curve of Figure 5 as a one-dimensional array of intensity values at each value of x disqualify the curve of Figure 5 from being a histogram? No, because it's labeled a histogram. Not because he did any comparison or figured it out. He just said the word says histogram. It must be a histogram. That is superficial and improper analysis. And the board, in relying on its decision, credited this explanation. This is incredible, and so there's no substantial evidence, and there's no explanation of why this makes sense. And that's our position about why Figure 5 doesn't qualify. Thank you. Thank you both. The case is taken under submission.